776 So.2d 770 (2000)
SOUTHERN ENERGY HOMES, INC.
v.
Delores DAVIS, Dorothy Davis, and Darrell Davis.
1971974.
Supreme Court of Alabama.
June 30, 2000.
John Martin Galese, David A. Norris, and Freddie N. Harrington, Jr., of John Martin Galese, P.A., Birmingham. Brief in support of application for rehearing filed by John Martin Galese, Jeffrey L. Ingram, and David A. Norris of Galese & Ingram, P.C., Birmingham, for appellant.
Bob E. Allen, Millbrook, for appellees.
*771 David L. Selby II of Wallace, Jordan, Ratliff & Brandt, L.L.C., Birmingham; and Gregory S. Ritchey of Ritchey & Ritchey, P.A., Birmingham, for amici curiae Redman Homes, Inc., Grand Manor, Inc., Homes of Legend, Inc., Champion Home Builders Co., and Chandeluer Homes, Inc., in support of application for rehearing.
G. Houston Howard II of Howard, Dunn, Howard & Howard, Wetumpka, for amici curiae Gloria Brown and Phillip McCollough, in opposition to application for rehearing.

On Application for Rehearing
PER CURIAM.
The opinion of January 8, 1999, is withdrawn and the following opinion is substituted therefor.
On original submission, on the authority of Southern Energy Homes. Inc. v. Lee, 732 So.2d 994 (Ala.1999), we affirmed the trial court's order denying the motion of Southern Energy Homes, Inc., to compel arbitration of the plaintiffs' claims. In Southern Energy Homes, Inc. v. Ard, 772 So.2d 1131, 1135 (Ala.2000), this Court overruled Lee, supra, adopted Justice See's dissent in Lee, and stated "[o]n the rationale of Justice See's dissent in Lee, we hereby hold that the Magnuson-Moss Act does not invalidate arbitration provisions in a written warranty."
Delores Davis purchased for her son Darrell Davis and his wife Dorothy Davis, a mobile home manufactured by Southern Energy. The Davises sued Southern Energy and the retailer who sold the mobile home to Delores for misrepresentation and breach of express and implied warranties. The procedural and operative facts of this case are virtually identical to the procedural and operative facts in Ard, supra. The Southern Energy warranty in this case is identical to the Southern Energy warranty in Ard. The controlling issues in this appeal are the same as those in Ard. Therefore, on the authority on Ard, we reverse the trial court's order denying Southern Energy's motion to compel arbitration and remand the cause to the trial court with instructions to vacate that order and to enter an order granting Southern Energy's motion, staying the court proceedings, and compelling arbitration. The Davises' request for an attorney fee on appeal is denied.
APPLICATION FOR REHEARING GRANTED; OPINION OF JANUARY 8, 1999, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED WITH INSTRUCTIONS.
HOOPER, C.J., and MADDOX, SEE, LYONS, and BROWN, JJ., concur.
HOUSTON, COOK, JOHNSTONE, and ENGLAND, JJ., dissent.
COOK, Justice (dissenting).
I dissent for the same reasons Justice Johnstone expressed in his dissenting opinion in Southern Energy Homes, Inc. v. Ard, 772 So.2d 1131 (Ala.2000).
JOHNSTONE, Justice (dissenting).
I respectfully dissent for the reasons stated in my dissent in Southern Energy Homes, Inc. v. Ard, 772 So.2d 1131 (Ala. 2000).
ENGLAND, J., concurs.